UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICE GERMAIN, P/K/A BIG MO BIZ P/K/A MIX MASTER G-FLEXX and P/K/A G-FLEXX an individual,<br><br>   Plaintiffs,<br><br> vs.<br><br>CHRISTOPHER EDWARD MARTIN, P/K/A DJ PREMIER an individual, GANG STARR ENTERPRISES LLC, INGROOVES/FONTANA, UNIVERSAL MUSIC GROUP, APPLE MUSIC, APPLE INC.,<br><br>   Defendants. | Docket No. 1:22-cv-08337-ALC |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
ARGUMENT ........................................................................................................................................ 1
CONCLUSION .................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Cnty. of Nassau*, 297 F.Supp.2d 540 (E.D.N.Y. 2004) .............................................. 2

*Car-Freshner Corp. v. Getty Images, Inc.*, 822 F.Supp.2d 167 (N.D.N.Y.2011) .......................... 2

*Degrosiellier v. Solomon & Solomon, P.C.*, No. 00-CV-1065, 2001 WL 1217181 (N.D.N.Y. Sept 27, 2001) ................................................................................................................................. 2

*Gentile v. Crededio*, No. 1:21-CV-08528-LTS, 2023 WL 2744413 (S.D.N.Y. Mar. 31, 2023) .... 1

*HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 CS, 2012 WL 4477552 (S.D.N.Y. Sept. 27, 2012) ........................................................................................................................... 2

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd sub nom.*, 23 F.3d 398 (2d Cir.), *cert. denied*, 513 U.S. 950 (1994 ................................................................................................ 5

*Morris v. Atchity*, No. 08-cv-5321-RSWL, 2009 WL 463971 (C.D. Cal. Jan. 13, 2009) .............. 2

*TCA Television Corp. v. McCollum*, No. 15-cv-4325-GBD-JCF, 2017 WL 2418751 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, No. 15-cv-4325-GBD-JCF, 2018 WL 2932724 (S.D.N.Y. June 12, 2018) ............................................................................................. 1

*Ward v. Mitchell*, No. 12-cv-3932-NC, 2013 WL 1758840 (N.D. Cal. Apr. 24, 2013) ................. 2

**Statutes**

17 U.S.C. § 101 ........................................................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 1

Defendants Christopher Edward Martin p/k/a DJ Premier ("Martin") and Gang Starr Enterprises LLC ("GSE") (collectively, "Defendants") submit this reply memorandum of law in further support of their motion to dismiss (ECF 37-38) the Amended Complaint (ECF 31) of Plaintiff Patrice Germain, p/k/a Big Mo Biz p/k/a Mix Master G-Flexx and P/K/A G-Flexx ("Germain" or "Plaintiff"), due to Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

The Amended Complaint contains a single claim for copyright infringement, based on a single alleged instance of copyright infringement.  ECF 31 ¶¶ 12, 27-34.  Defendants moved to dismiss the Amended Complaint for failure to state a claim for one important reason: Plaintiff affirmatively alleges that the allegedly infringed copyright work – the sound recording of "Diamonds are Forever" – was a work-for-hire of non-party Keith Elam p/k/a Guru, but fails to allege facts sufficient to state a claim that Plaintiff owns that work-for-hire sound recording.

As set forth in Defendants' opening Memorandum, Plaintiff would have had to have alleged <u>either</u> that the "Diamonds are Forever" sound recording was "a work prepared by an employee within the scope of his or her employment," or that with respect to the sound recording, "the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire."  17 U.S.C. § 101.  Defendants did neither of these things in the Amended Complaint, and thus the Amended Complaint fails to state a claim for copyright infringement, because it fails to allege ownership by Plaintiff of the "Diamonds are Forever" sound recording.  *TCA Television Corp. v. McCollum*, No. 15-cv-4325-GBD-JCF, 2017 WL 2418751, at *12 (S.D.N.Y. June 5, 2017) (citations omitted), *report and recommendation adopted*, No. 15-cv-4325-GBD-JCF, 2018 WL 2932724 (S.D.N.Y. June 12, 2018). ; *Gentile v. Crededio*, No. 1:21-CV-08528-LTS, 2023 WL 2744413, at *7 (S.D.N.Y. Mar. 31, 2023); *Ward*

*v. Mitchell*, No. 12-cv-3932-NC, 2013 WL 1758840, at *4 (N.D. Cal. Apr. 24, 2013); *Morris v. Atchity*, No. 08-cv-5321-RSWL, 2009 WL 463971, at *6 (C.D. Cal. Jan. 13, 2009).

Plaintiff responded with the 7-page, 18-paragraph "Attorney's Affirmation in Opposition to Motion to Dismiss" (ECF 41) ("Nemia Aff."), which appears to be procedurally improper and subject to being disregarded entirely by the Court. *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 CS, 2012 WL 4477552, at *5 (S.D.N.Y. Sept. 27, 2012) (holding attorney affirmation "will not be considered for the purposes of this Motion, as it is generally improper to consider factual averments or legal arguments contained in an attorney affidavit on a 12(b)(6) motion") (citing *Car-Freshner Corp. v. Getty Images, Inc.*, 822 F.Supp.2d 167, 174–75 & n. 12 (N.D.N.Y.2011); *Anderson v. Cnty. of Nassau*, 297 F.Supp.2d 540, 545 (E.D.N.Y. 2004); *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00-CV-1065, 2001 WL 1217181, at *2 (N.D.N.Y. Sept 27, 2001)).[1]

Should the Court decide to consider the Nemia Affidavit, the Court will see that the pleading does not address Defendants' legal argument at all,[2] and repeatedly misstates the allegations in the Amended Complaint. The only references to work-for-hire or copyright ownership are in the following paragraphs:

> 13. Plaintiff also claims that Keith Elam p/k/a Guru, performed on the track "Diamonds are Forever", and was fully compensated for such performance as a "work for hire", and that neither Keith Elam p/k/a Guru, nor his Estate, retained or possessed any rights with respect to the recordings.

---

[1] The Nemia Affidavit itself states that "a court should not consider matters such as affidavits or interpretations that are extraneous to the pleadings." ECF 41 ¶ 4.

[2] Mr. Nemia's recitation of the principles of common law copyright (ECF 41 ¶¶ 5-9), and of contributory and vicarious copyright liability (ECF 41 ¶¶ 16-17) are particularly misplaced, as Plaintiff only alleges a claim of direct copyright infringement arising under federal copyright law.

2

> 14. The facts as presented in this matter remain undisputed. The only party with legal claim to the work in question is the plaintiff, which were obtained as a result of his copyright registration, which also notes prior registrations as well. No other parties, and none of the defendants, are listed on such copyright registration and no licenses for such use were written, executed or extended by plaintiff to any other parties. As a result, plaintiff should be deemed to have a valid and existing claim against the parties hereto for copyright infringement.

Nemia Aff. (ECF 41) ¶¶ 13-14.

The first half of Paragraph 13 of the Nemia Affidavit is correct, in that the Amended Complaint affirmatively alleges that Mr. Elam performed on a work-for-hire basis, and further alleges that he was "fully compensated for such performance."  Amended Complaint (ECF 31) ¶ 12.  Even assuming the truth of the allegation that Mr. Elam was "fully compensated" for his work-for-hire performance, that does not mean that (a) he did so as "an employee within the scope of his or her employment," or (b) that there is "a written instrument signed by them that the work shall be considered a work made for hire."  17 U.S.C. § 101.  The absence of any allegation as to either is fatal to Plaintiff's claim.

The second half of Paragraph 13 is simply not accurate, highlighting one of the key reasons that courts typically disregard attorney affirmations submitted in opposition to motions to dismiss, especially when submitted as the sole opposition pleading.  "[N]either Keith Elam p/k/a Guru, nor his Estate, retained or possessed any rights with respect to the recordings," affirms attorney Nemia, but no such language appears in the Amended Complaint.  Even if Plaintiff had alleged that Mr. Elam did not "retain or possess any rights" (and – to be clear – there is <u>no such allegation</u> in the Complaint) that bald assertion is not the equivalent of an allegation that Mr. Elam contributed as an <u>employee</u>, or that he transferred his rights via <u>written agreement</u>.

Paragraph 14 of Mr. Nemia's Affidavit also undermines Plaintiff's position.  It begins with a statement that "[t]he facts as presented in this matter remain undisputed," which is not

3

only procedurally incorrect (as Defendants have yet to admit or deny any allegation in the Amended Complaint), but also substantively incorrect.  The follow sentence is particularly instructive and problematic: "No other parties, and none of the defendants, are listed on such copyright registration and no licenses for such use were written, executed or extended by plaintiff to any other parties."  The first half of the sentence is accurate: Mr. Elam is not listed on the copyright registration.  *See* ECF 25-2, 30-2.  But that represents yet another problem for Plaintiff, as Plaintiff <u>affirmatively alleges</u> that the "Diamonds are Forever" is a work-for-hire by Mr. Elam (ECF 31 ¶ 12), a fact that should have been identified on the copyright registration.[3]  The second half of the sentence, that "no licenses for such use were written, executed or extended by plaintiff to any other parties," is yet another improper flourish by Plaintiff's counsel, as there is no such allegation in the Amended Complaint, and even if there were, it would not speak to the legal issue Defendants have raised.[4]

     Plaintiff's only response is that the Amended Complaint gives "fair notice" of his claim (ECF 41 ¶ 15), but there can be no fair notice when a complaint fails to allege the <u>elements</u> – in this case ownership of the allegedly-infringed copyright – of the claim at issue.  Indeed, in the case Plaintiff cites in support of his "fair notice" argument, the district court held that although the complaint in that case "states that plaintiff composed and copyrighted [the songs at issue] it does not assert plaintiff's present ownership of those copyrights."  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom.*, 23 F.3d 398 (2d Cir.), *cert. denied*, 513 U.S. 950

---

[3] The second and fourth sentences ("[t]he only party with legal claim to the work in question is the plaintiff…plaintiff should be deemed to have a valid and existing claim") are bald and unsupported legal conclusion that should be disregarded.

[4] The additional misstatements of the Nemia Affidavit are not detailed here.

(1994).  The Amended Complaint, likewise, fails to state a claim for copyright infringement, by failing to allege ownership of the allegedly-infringed copyright, and it should be dismissed.

## CONCLUSION

Defendants Christopher Edward Martin p/k/a DJ Premier's and Gang Starr Enterprises LLC's Motion to Dismiss the Amended Complaint should be granted in full and with prejudice.

Dated: New York, New York
October 13, 2023

Respectfully submitted,

/s/ Hillel I. Parness
Hillel I. Parness
PARNESS LAW FIRM, PLLC
136 Madison Ave., 6th Floor
New York, New York  10016
212-447-5299
hip@hiplaw.com
*Attorneys for Defendants Christopher Edward Martin p/k/a DJ Premier and Gang Starr Enterprises LLC*

5