UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

**PATRICE GERMAIN, P/K/A BIG MO BIZ**
**P/K/A MIX MASTER G-FLEXX and**
**P/K/A G-FLEXX an individual,**

          **Plaintiff,**

     -against-                           1:22-cv-08337 (ALC)

**CHRISTOPHER EDWARD MARTIN,**         **OPINION AND ORDER**
**P/K/A DJ PREMIER an individual,**
**GANG STARR ENTERPRISES LLC,**
**INGROOVES/FONTANA,**
**UNIVERSAL MUSIC GROUP,**
**APPLE MUSIC, APPLE INC.,**

          **Defendants.**
───────────────────────────────────────

**ANDREW L. CARTER JR., United States District Judge:**

      Plaintiff Patrice Germain p/k/a Big Mo Biz p/k/a Mix Master G-Flexx p/k/a G-Flexx ("Plaintiff") brings this action against Defendants Christopher Edwin Martin p/k/a DJ Premier, Gang Starr Enterprises LLC ("Gang Starr"), Ingrooves / Fontana, Universal Music Group, Apple Music, and Apple Inc., alleging Defendants' song, *Family and Loyalty*, infringed on Plaintiff's copyrighted sound recording of his original song, *Diamonds Are Forever*. In the instant motion, Defendants Martin and Gang Starr move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

      For the reasons set forth below, this Court finds that Plaintiff's First Amended Complaint ("FAC") is not sufficient to state a claim for copyright infringement. The FAC contains a single claim of copyright infringement, where the Plaintiff claims that the allegedly infringed work was a "work for hire." The Plaintiff has failed to meet his burden in the FAC to allege sufficient facts

1

that establish ownership of the allegedly infringed work. The Plaintiff would have had to otherwise allege that the song *Diamonds Are Forever* was "a work prepared by an employee within the scope of his or her employment" or that "the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101. Therefore, Defendants' motion to dismiss is hereby **GRANTED**. Plaintiff is **GRANTED** leave to amend.

## BACKGROUND

### I.     Statement of Facts

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the FAC. ECF No. 31. Plaintiff Germain is a solo artist who created music in the genres of rock, hip-hop, and rhythm & blues for over three decades. FAC at ¶ 10. Plaintiff is considered the sole owner, publisher, producer, performer, and/or administrator of his own copyrighted creations. *Id.* at ¶ 11. In or around 2006, Plaintiff created a song titled *Diamonds Are Forever* with now deceased artist Keith Elam ("Elam") p/k/a GURU. *Id.* at ¶ 12. Plaintiff received a certificate of registration for the song dated October 4, 2018, which indicated prior registrations with the United States Copyright Office in 2008 and 2009. *Id.* at ¶ 12-14. Plaintiff acknowledges that Elam collaborated on the song *Diamonds Are Forever*. However, Elam was paid as "work for hire." Plaintiff alleges that he has sole ownership of the song *Diamonds Are Forever* because "work for hire" employees have no ownership rights. *Id.*

On October 3, 2019, Defendants Martin and Gang Starr produced and released a song entitled *Family and Loyalty* as part of an album. *Id.* at 19. The song was distributed worldwide through several channels and mediums, including Defendant Apple Inc.'s streaming platform Apple Music. *Id.* at ¶ 7, 19. Defendant Universal Music is the overseeing record label of

Defendant Martin, which coordinates the release and production of his musical creations. *Id.* at ¶ 18. Defendant Martin was part of a musical group with Elam who collaborated on the creation of multiple songs before Elam died. *Id.* at ¶ 20. Plaintiff alleges that Defendant Martin has infringed and continues to infringe on his copyright of the sound recording from *Diamonds Are Forever*. *Id.* at ¶ 29. Plaintiff further alleges that Defendant Martin never sought nor received permission or license to copy, duplicate, perform or generally use the sound record of Plaintiff's song. *Id.* at ¶ 22. Plaintiff contends that Defendants' actions were willful and deliberate because Defendants acted with prior notice of Plaintiff's registered copyright. *Id.* at ¶ 24. Additionally, Plaintiff states that there is significant similarity between the two songs because of the Defendant's copying. *Id.* at ¶ 21.

## II. Procedural History

On November 16, 2022, Plaintiff filed the original Complaint in this action. ECF No. 12. On July 31, 2023, Plaintiff filed an Amended Complaint. ECF No. 31. On September 7, 2023, Defendants Gang Starr and Martin moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 37-38. On October 2, 2023, Plaintiff filed his opposition to the instant motion to dismiss. ECF No. 41. On October 13, 2023, Defendants filed its reply memorandum in support of the motion to dismiss. ECF No. 42. The Court considers this matter fully briefed.

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks

omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Indeed, deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

This Court finds that the Plaintiff has failed to allege facts sufficient to plausibly plead its ownership of the alleged infringed work and therefore has failed to state a claim for copyright infringement. ECF No. 38. To survive a motion to dismiss, Plaintiff must plead enough facts to establish a prima facie claim for copyright infringement. On a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiffs' favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.

4

2009)). Indeed, "[t]hreadbare recitals of the elements of a cause of action" and conclusory allegations are not presumed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Disregarding legal conclusions couched as fact, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). A claim for relief is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff asserts that he is the owner of the copyrighted song because of the certificate of registration he received from the United States Copyright Office. "At all material times herein, Plaintiff is the owner, publisher, producer, performers, and/or administrator of copyrights in and for certain musical compositions sound recordings, including Copyright Registration SR0000879438 herein…." FAC. ¶ 11. The Complaint further notes that the sound recording of *Diamonds are Forever* was registered and recorded with the Copyright Office of the United States in favor of Plaintiff Germain. *Id*. at ¶ 12. "The Copyright Act provides that a 'certificate of [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright.'" *Boisson v. Banian, Ltd*. 273 F.3d 262, 267 (2d Cir. 2001) (quoting 17 U.S.C. § 410(c) (1994)).

Plaintiff further alleges that the Defendant cannot refute his ownership of the sound recording as the work that Elam created was done as "work for hire" and Elam was fully compensated for his work. FAC. at ¶ 12. Defendant in rebuttal does not contest the copyright registration. Instead, the Defendant asserts that if the Court were to apply the "work for hire" doctrine as noted in the Complaint, Plaintiff would not have pleaded enough facts to categorize

Elam's work as such. ECF No. 38 at 6. "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b). Although this rule leans in favor of Plaintiff's position, the Court must still determine whether the body of work described in Plaintiff's Complaint fits within the statutory definition of "work made for hire" in order to accept the rule established in § 201(b).

The defense cited the definition of "work made for hire" as a basis for its rebuttal position;

'work made for hire' as: (1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. (ECF No. 38 at 6) (citing 17 U.S.C. § 101 (emphasis omitted)).

Defendant further asserts that if Plaintiff has not proffered sufficient facts to define Elam's work as "work made for hire" then the Court should conclude that the Plaintiff has not plead enough facts to establish ownership of the copyrighted work. (ECF No. 38 at 6.). Here, Plaintiff focuses extensively on the possession of the copyright registration while merely citing "work for hire" once with no further allegations nor support to prove its applicability. Indeed, "[t]he Copyright Act does not define the terms "employee" or "employment," and, consequently, the application of these terms is left to the courts." *Aymes v. Bonelli*, 980 F.2d 857, 860 (2d Cir. 1992). The Supreme Court in *Reid* addressed the issue of defining the terms employee and employment when applying the work for hire doctrine to a copyright infringement claim. "Nothing in the text of the work for hire provisions indicates that Congress used the words employee and employment to describe

6

anything other than the conventional relation of employer and employé." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (internal citations omitted).

The Court can reasonably infer from Plaintiff's language, "[a]rtist GURU (Keith Elam) who was fully compensated for the performance as 'work for hire'", that Elam was not treated nor intended to be an ongoing employee of Plaintiff's as within the conventional definition of employee. (Compl. ¶ 12.) Therefore, the Plaintiff must show that a written agreement between the two parties indicates that Elam's work should be considered "work made for hire" as defined under the applicable statute 17 U.S.C. § 101. Plaintiff, however, gives no indication that there was any written agreement between the parties. Upon review of the pleadings, there are no well pleaded factual allegations nor support that would allow this Court to reasonably infer that Plaintiff had either a written agreement with Elam for his work or employed Elam in any capacity in order to satisfy Plaintiff's burden.

For purposes of this motion to dismiss, the Court does not credit any of the allegations set forth in the Plaintiffs' attorney affirmation in opposition to the motion to dismiss, as it is not considered part of the pleadings. *DiFolco v. MSNBC Cable LLC.*, 622 F.3d 104, 111 (2d Cir. 2010). Even if the Court were to credit the allegations in the affirmation, the affirmation does not address any of the facts related to the issue of Elam's working relationship with Plaintiff. Here, the Plaintiff does not provide any factual support regarding the work for hire argument to rebut. Plaintiff has only proffered conclusory statements regarding the working relationship with Elam during the creation of *Diamonds are Forever*. Therefore, this Court finds that Plaintiff has not plead sufficient facts to claim valid ownership of the copyrighted sound recording.

In this case, the Court concludes that the Defendant will not be unduly prejudiced by granting Plaintiff leave to amend. "The rule in this Circuit has been to allow a party to amend its

pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). Here, such supplemental information will aid the Court in assessing the adequacy of the complaint, specifically regarding whether Elam was an employee of Plaintiff acting within the scope of his employment or if there was a written agreement between the parties.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** and the Complaint is **dismissed without prejudice**. Plaintiffs are **GRANTED** leave to file an amended complaint. The Clerk of Court is hereby directed to terminate ECF No. 37.

**SO ORDERED.**

Dated: September 27, 2024
    New York, NY

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

8